IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN PATRICK KELLEY,
      Plaintiff,

vs.                                  Case No.:  5:13cv271/RS/EMT

JUDGE MICHAEL C. OVERSTREET, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. § 1983 (doc. 10).  Leave to proceed in forma pauperis has been granted (doc. 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

## I.      BACKGROUND

Plaintiff, an inmate of the Bay County Jail ("Jail"), names Judge Michael C. Overstreet and Public Defender F.R. Mann, Jr., as Defendants (doc. 10 at 1, 2).  Plaintiff alleges Judge Overstreet imposed an illegal sentence of probation with special conditions (*id.* at 5, 7).  He alleges Public Defender Mann objected to the sentence as illegal, but Judge Overstreet did not listen (*id.*).  As relief, Plaintiff seeks 364 days of credit on his sentence (*id.* at 7).

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Id. at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and

conclusory." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

III.     ANALYSIS

To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1.     the defendant's conduct caused the constitutional violation, and
2.     the challenged conduct was "under color of state law."

*See* <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing <u>Parratt</u>). It is well established that attorneys employed as public defenders do not act under color of state law when they represent clients. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (11th Cir. 1990). Accordingly, Plaintiff cannot state a plausible claim for relief against Public Defender Mann.

Plaintiff likewise cannot state a plausible claim against Judge Overstreet. When, as here, a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff may not maintain an action for such relief under 42 U.S.C. § 1983. *Id.* Therefore, dismissal of this action is warranted.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

2.     That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this <u>17th</u> day of December 2013.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**